**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**
**ONE EXCHANGE TERRACE**
**PROVIDENCE, RHODE ISLAND 02903**

**John J. McConnell, Jr.**
  **Chief Judge**

June 16, 2026

Kevin Bolan
Assistant United States Attorney and Civil Division Chief
United States Attorney's Office
District of Rhode Island
One Financial Plaza, 17th Floor
Providence, RI 02903

Re: *In re Kevin Bolan* **(Case No. 26-ad-00003)**

Dear Attorney Bolan,

On May 7, 2026, following a referral from Judge Melissa R. DuBose, this Court appointed Special Counsel Niki Kuckes to investigate and report to the Court on possible misconduct in your actions as counsel in *Gómez v. Nessinger, et al.*, 26-CV-00245-MRD-PAS. The Special Counsel's report found sufficient evidence to conclude that your conduct in the *Gómez* case violated the duty of candor you owe the Court under Rhode Island Rule of Professional Conduct 3.3(a)(1),[1] as detailed below.

You have acknowledged that while you did not intend to deceive the Court, your conduct failed to live up to the duty of candor this Court expects of all lawyers who practice in this Court, and that this resulted in harm to Judge DuBose, to the Court and to the public trust in the judiciary. This letter, which will be placed in the public docket in this case, will serve as a caution to you, a statement of this Court's expectations for government counsel in immigration cases and otherwise, and a public reminder of the critical importance the Court places on the duty of candor for all lawyers who appear before us.

Mr. Gómez, a noncitizen detainee, filed a habeas petition seeking release from the custody of Immigration and Customs Enforcement ("ICE"). As Assistant United States Attorney, you represented three federal government agency heads named as respondents by Mr.

---

[1]  *See* Local Rule 208 (adopting Rhode Island Rules of Professional Conduct as standards governing lawyers practicing before this Court).

1

Gómez, including the Director of ICE. Judge DuBose ruled on that petition, granting the Petitioner relief. Two days later, she learned from a public statement by ICE that a brief you filed had deliberately withheld from the Court, before her ruling, the fact that Mr. Gómez was sought in a Dominican Republic warrant concerning an alleged homicide.

At a show cause hearing before Judge DuBose, you were forthright in admitting that you filed a response brief in the *Gómez* case in which, at the direction of your client contact at ICE, you knowingly omitted significant criminal involvement history related to an alleged homicide in the Dominican Republic and Mr. Gómez's possible role. You acted based on your client's directive that "use authorization" was required to disclose this to the Court. Unknown to you, however, ICE had already disclosed that warrant to the public at least twice. You acknowledged that you could and should have sought extra time to respond, gone up the chain to get authorization, or otherwise found a way to disclose this information to the Court before Judge DuBose ruled.

Without the full record, Judge DuBose ordered the Petitioner's immediate release pending a bond hearing, as was appropriate on the incomplete evidence she was given. Unfortunately, the consequences that followed were grave for this Court and for the federal justice system.

An agency you were representing, ICE, used this ruling to make an unfounded public attack on Judge DuBose. ICE falsely suggested, contrary to the true record, that when Judge DuBose released the Petitioner, she knew he was sought in connection with a homicide in the Dominican Republic. This false public statement by ICE put her in personal danger and undermined public faith in the federal courts. To add to the harm, the habeas Petitioner thereafter failed to report as ordered. While you had no involvement in the ICE news release, the role you played in the chain of events was a critical link in a sequence that led to a serious failure of justice.

Given your knowledge and the importance of the information you knowingly withheld from the Court, the Special Counsel found sufficient evidence that your conduct violated the duty of candor owed to the Court. And the Court agrees. In particular, your knowing decision not to disclose this critical fact was, under the circumstances, the equivalent of making an affirmative false statement to the Court about Mr. Gómez's criminal history, in violation of Rule 3.3(a)(1).

While your error was serious, countervailing factors are also present. The Special Counsel's investigation found, and the Court agrees, that there is no reason to conclude that you were part of a scheme to deceive the Court, or that you acted in bad faith or for personal gain. On your own initiative, you publicly accepted responsibility and apologized to Judge DuBose and this Court. Outside of this incident, you have participated responsibly in many cases here. Your lapse of judgment reflected a failure to prioritize your duty to the Court over the instructions of your client, but you did not act for any deceitful or illicit reason.

2

The Court has determined that, under all the circumstances, while this failure is grave, formal disciplinary proceedings are not necessary.  This letter is not intended to be, and should not be construed as, a formal charge of misconduct.  It is, instead, a cautionary letter that we expect and believe you will take very seriously, and that will remind the public and the bar of their duty of candor to the Court.  Any future finding of misconduct will be severely sanctioned.

Very truly yours,

John J. McConnell, Jr.
Chief Judge
U.S. District Court
for the District of Rhode Island

3